**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4776

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALONZO MARVIN BROWN, JR., a/k/a Pop,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:01-cr-00462-HMH-1)

Submitted:  April 23, 2019                          Decided:  April 30, 2019

Before NIEMEYER and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alonzo Marvin Brown, Jr., appeals the district court's judgment revoking his supervised release and sentencing him to 33 months' imprisonment to be followed by 24 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in revoking his supervised release term and erred in sentencing him. Brown was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

We review the district court's revocation of supervised release for abuse of discretion and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Brown admitted to a Grade A violation of his supervised release. We therefore find no abuse of discretion in the court's decision to revoke his supervised release term.

We review Brown's sentence for plain error because Brown failed to preserve any objections to his sentence. *See United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013). To establish plain error, Brown must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted). The defendant bears the burden of showing each element of the plain error standard. *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018).

Brown's sentence was within the statutory maximum and the policy statement range of 33 to 36 months' imprisonment based on his Grade A violation of supervised

2

release and his criminal history category of VI. A district court must adequately explain a revocation sentence, whether the sentence is above, below, or within the policy statement range. *See United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). Upon review, assuming the district court erred in this case by failing to adequately explain its sentence, we conclude that the record does not support a finding of plain error. Brown's sentence is presumptively reasonable, *Padgett*, 788 F.3d at 373, and Brown did not argue in the district court for a different sentence, *United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*